IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM ALEXIS NELSON,

    Petitioner

vs.                                                         CIV. No. 23-cv-00081 JB/JFR
                                                            CR. No. 22-cr-00007 JB

UNITED STATES OF AMERICA,

    Respondent.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]
REGARDING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY

Before the Court is Petitioner William Alexis Nelson's "Memorandum in Support of Attached 28 U.S.C. Section 2255 Petition."[2]  CV Doc. 1.[3]  Petitioner claims that his counsel provided ineffective assistance because she did not conduct a "proper and thorough investigation into the particular facts of the case" and move to suppress evidence seized from him on the Greyhound bus.  *Id.* at 1.  Petitioner argues that counsel's failure to file a motion to suppress caused him to plead guilty and forego proceeding to trial.  *Id.* at 10.  Respondent answers that Petitioner's trial counsel was effective throughout her representation of Petitioner, and reasonably advised her client to accept a plea agreement rather than litigate a motion to suppress.

---

[1] On February 13, 2023, the Honorable James O. Browning entered an Order of Reference referring this case to the undersigned "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case."  CV Doc. 4.

[2] Petitioner's memorandum in support refers to a "petition" that is "attached"; however, no petition has been filed on the Court's docket.

[3] Citations to documents in the habeas proceeding will be to "CV Doc. ___" and to those in the underlying criminal proceeding as "CR Doc. ___".

1

CV Doc. 15 at 5.  Respondent notes that Petitioner suffered no prejudice, as the plea agreement resulted in a sentence significantly less than the statutory minimum and less than half of the recommended Guidelines sentence.  *Id*. at 7.  Petitioner replied to the government's response, essentially reiterating the same arguments presented in his motion.  CV Doc. 17.

After reviewing the pleadings, as well as the files and records of the case, the Court is aware that it can hold an evidentiary hearing to "determine the issues and make findings of fact…" if the Court has any question as to whether the prisoner is entitled to relief.  28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief…").  The Court is also aware that it must liberally construe a pro se litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney.  *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).  After reviewing the record in this case, the Court has determined that an evidentiary hearing is not warranted, as the pleadings, files and records in this matter conclusively show that Petitioner is not entitled to relief.  The Court is comfortable ruling without taking additional testimony or evidence.

As discussed below, I recommend that the District Judge DENY Petitioner's motion.  Furthermore, I recommend that the District Judge DENY a certificate of appealability and enter judgment accordingly.

BACKGROUND

On December 7, 2021, Petitioner William Alexis Nelson was traveling eastbound by Greyhound bus, which had stopped in Albuquerque for a regularly scheduled layover.  The record reflects that Petitioner deboarded during that layover, and then reboarded to resume his travels.  Already onboard during the passenger reboarding process were Special Agent Jarrell W.

Perry of the Drug Enforcement Administration and DEA Task Force Officer Frank Chavez. SA Perry had positioned himself toward the rear of the bus to observe the reboarding passengers and engage in consensual encounters. SA Perry approached Petitioner and, after identifying himself, asked for permission to search Petitioner's luggage. It is alleged that Petitioner gave the SA his consent to search his luggage, and handed the SA his red, soft-sided cooler, inside of which the SA located a plastic vacuum-sealed bag which contained more than 500 grams of methamphetamine. SA Perry arrested Petitioner at that time and charged Petitioner with violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *See generally* CR Doc. 1.

At preliminary hearing, counsel for Petitioner cross-examined SA Perry, who twice testified under oath that Petitioner gave him permission to search the red cooler. *See* CR Doc. 24 (Transcript of Preliminary Hearing) at 17 (Q: "Did you receive permission to search [the red-colored soft-sided cooler]?" A: "Yes, I did."); at 27 (Q: "Did you specifically ask permission to search the red and white cooler?" A: "Yes."). A Magistrate Judge determined there was probable cause to support the criminal charge of possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), as alleged in the Criminal Complaint.

On or about December 21, 2021, the government produced discovery to the defense. CV Doc. 15-2. On January 4, 2022, and prior to a grand jury presentation, Petitioner appeared before the Court with counsel to plead guilty. CV Doc. 15-3 (plea hearing transcript). Counsel for Petitioner had negotiated a plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), wherein Petitioner would plead guilty to the lesser-included offense of possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(B). The Plea Agreement contained

3

a waiver of appeal rights, as well as a sentencing agreement that specially called for a sentence of 84 months. CR Doc. 22 (Plea Agreement).

On April 25, 2022, the District Judge conducted a sentencing hearing wherein he accepted the plea agreement and imposed sentence of 84 months. CR Doc. 34 (Clerk's Minutes). Judgment was entered May 31, 2022. CR Doc. 36 (Judgment). Petitioner did not file a direct appeal of his judgment and sentence, but on January 27, 2023, timely filed the instant § 2255 petition.

ANALYSIS

Petitioner argues that his trial attorney was ineffective because she failed to conduct a thorough investigation and file a motion to suppress challenging the admissibility of the drug evidence. To establish ineffective assistance of counsel, Petitioner must show (i) that his attorney's performance was deficient and (ii) that the deficiency caused him prejudice, meaning that there is a reasonable probability that the result would have been different but for his lawyer's unprofessional errors. *See United States v. Cruz*, 774 F.3d 1278, 1284-85 (10th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Osborn v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993). The first prong can be met if Petitioner establishes that his counsel performed below the level expected from a reasonably competent attorney in criminal cases. *Strickland*, 466 U.S. at 687-88. To meet *Strickland's* second prong, Petitioner must show that counsel's deficient performance prejudiced him to the extent "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

4

In the context of a defendant who pleaded guilty, the prejudice prong is modified slightly to focus on whether the constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Accordingly, the habeas petitioner who pleaded guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1537 (10th Cir.1994); *see also Hoxsie v. Kerby,* 108 F.3d 1239, 1246 (10th Cir.1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). The Court's review is "highly deferential," based on "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689).

1. <u>Was Trial Counsel's Performance Deficient?</u>

An attorney's effective assistance includes a duty to investigate. "The duty to investigate derives from counsel's basic function ... to make the adversarial testing process work in the particular case." *Williamson v. Ward*, 110 F.3d 1508, 1514 (10th Cir. 1997) (internal quotation marks omitted). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* (internal quotation marks omitted). "Effective assistance does not require that every possible motion be filed, but only those having a solid foundation." *United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir.

5

1985) (internal quotation marks omitted). The failure to file a motion to suppress can constitute defective performance by an attorney if the failure was the result of lack of preparedness rather than a strategic decision to refrain from filing the motion. *Kimmelman v. Morrison*, 477 U.S. 365 (1986). The fact that a defendant asks his attorney to file a pretrial motion does not mean the defendant is automatically prejudiced when the attorney fails to do so; rather, the defendant must still show that there was a colorable basis to file the motion. *See e.g. United States v. Roybal,* 2017 WL 3405602, *3 (D.N.M. Mar. 24, 2017) (defendant fails to establish counsel's deficient performance by claiming counsel should have filed a motion to suppress evidence of law enforcement's possible use of a "stingray" device, without identifying any grounds in support of such motion); *United States v. Cervantes*, 267 Fed.Appx. 741, 743 (10th Cir. 2008) (Unpubl.) (defendant has not provided any evidence that counsel's decision to not advance a motion to suppress was anything other than a strategic choice that was reasonable from counsel's perspective "at the time of the alleged error and in light of all the circumstances.") (citing *Kimmelman*, 477 U.S. at 381).

In his § 2255 Motion, Petitioner provides no evidence that his trial counsel failed to investigate or that a competent attorney would have conducted investigations that trial counsel did not conduct. That counsel was aware of potential suppression matters is evident from reviewing the transcript of the preliminary hearing. *See* CV Doc. 15-1. There, the SA testified that he requested permission to search *both* Petitioner's suitcase *and* the red cooler, and Petitioner responded by providing his verbal consent. *Id.* at 27. Petitioner's counsel cross-examined the case agent on the events that resulted in Petitioner's arrest, including Petitioner's consent, and moved for the immediate production of the SA's audio recording of his encounter with Petitioner on the Greyhound bus. This motion was denied by the Magistrate Judge because

6

he found that the matter did not affect the issue of probable cause but rather was germane to a potential suppression motion.  CV Doc. 15-1 at 25.  Various other questions posed by counsel drew objections by government counsel, on the basis that they went to suppression and not probable cause.  The Court reasonably infers from counsel's questioning that she understood the importance of a potential motion to suppress and during the preliminary hearing attempted to obtain pertinent information to advance that motion.

Shortly after receiving discovery, Petitioner appeared before a Magistrate Judge to plead guilty.  At his change of plea hearing, Petitioner affirmed that he had thoroughly consulted with his attorney and desired to plead guilty.  Petitioner informed the Court that no one threatened or forced him to plead guilty, CV Doc. 15-3 at 10, that he was satisfied with his counsel's representation, that he had enough time to discuss every part of the agreement with counsel, and that he understood each term of the plea agreement.  *Id.* at 11.  Petitioner affirmed that he had discussed all the facts and circumstances of his case with counsel, that he reviewed the evidence in his case with counsel, that he had discussed with counsel what the government would have to prove at trial before he could be found guilty, and that he had discussed what defenses he could raise if his case proceeded to trial.  *Id.* at 16.  Ultimately, Petitioner indicated to the Court that he was satisfied with counsel's advice and representation.  *Id*.  Petitioner never expressed any concern about giving up his right to trial, nor about waiving his right to file pre-trial motions, including a motion to challenge the admissibility of evidence.

The Tenth Circuit has noted that the "colloquy between a judge and a defendant before accepting a guilty plea is not pro forma and without legal significance.  Rather, it is an important safeguard that protects defendants from incompetent counsel or misunderstandings." *Fields v. Gibson*, 277 F.3d 1203, 1214(10th Cir. 2002).  As such, "[n]umerous courts have denied relief

under §§ 2254 and 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance, where the plea colloquies have demonstrated otherwise." *Hammons v. Paskiewicz*, 368 Fed.Appx. 904, 907 (10th Cir. 2010) (citing *Fields*, 277 F.3d at 1214 ).  The questioning of the Petitioner at his change of plea hearing demonstrates that Petitioner entered his guilty plea knowingly and voluntarily, with an understanding that he would forego litigating pretrial motions, including a motion to suppress.

It is also noteworthy that trial counsel negotiated the plea agreement in this matter pursuant to Fed.R.Crim.P. 11(c)(1)(C), which agreement called for a firm sentence of incarceration of 84 months.  The plea hearing occurred prior to a case presentation to the grand jury, and based on the Criminal Complaint, it is reasonable to conclude that, had Petitioner not pleaded guilty in a timely manner, his case would have been presented to the grand jury and based on the charged offense he would have then faced a minimum sentence of 120 months, or ten (10) years.  *See* CR Doc. 1, Criminal Complaint (charging Petitioner with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)).  Furthermore, the Pre-Sentence Investigation Report in this matter revealed that Petitioner qualified as a Career Offender, and was facing a guideline imprisonment range of 188-235 months.  CR Doc. 26 at ¶¶ 49, 83.  Clearly, the plea agreement in this matter reduced Petitioner's possible sentence by a minimum of three years incarceration, and likely by 10 years or more, had he been convicted at trial.

Finally, the Court concludes that it was reasonable and strategic for trial counsel to negotiate the plea agreement and advise Petitioner to accept it, based on the evidence adduced at preliminary hearing and in discovery.  Respondent notes that discovery produced to defense counsel and her client included a surveillance video from the Greyhound bus station that shows Petitioner carrying the red cooler.  CV Doc. 15 at 2; CV Doc. 15-2 at 1.  Furthermore, the SA

8

testified that when he engaged Petitioner in a consensual encounter, the red cooler was on the floor, in front of the window seat and immediately next to where Petitioner was located. CV Doc. 15-1 at 27-28. Finally, the SA testified under oath that he asked for and received consent from Petitioner to search the red cooler. CV 15-1 at 17. Under these facts, a finder of fact would likely have concluded that Petitioner exercised control and dominion over the cooler, that he provided consent to the SA to search it, and that his consent was voluntary and not coerced. That trial counsel would conclude that a motion to suppress the evidence located in the red cooler was not likely to prevail was eminently reasonable. The Court sees no deficient performance here.

On this record, the Court concludes that trial counsel acted reasonably, strategically and effectively in negotiating a favorable plea agreement on Petitioner's behalf. There is nothing to suggest that counsel's performance in not filing a motion to suppress "fell below an objective standard of reasonableness". *Strickland*, 466 U.S. at 687-88, 694. Accordingly, the Court finds that Petitioner's § 2255 Motion fails on *Strickland*'s first prong.

> 2. Even If Counsel's Performance Was Deficient, Petitioner Must Still Suffer Prejudice. Is There A Reasonable Probability That, But For Counsel's Errors, Petitioner Would Not Have Pleaded Guilty And Would Have Insisted On Going To Trial?

Even if counsel's performance was deficient, for Petitioner to be entitled to relief on his § 2255 Motion, the Court would have to conclude that he suffered prejudice from counsel's failure to file a motion to suppress. Because Petitioner pleaded guilty, he must show that counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 58-59. That is, before relief can be granted, the Court needs to find that "there is a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Id.*

Here, Petitioner's claim is that he suffered prejudice, i.e. he pleaded guilty, based on his trial attorney's failure to file a motion to suppress. "Where the basis of the ineffective assistance claim is the failure to raise an issue, [the Court] must look to the merits of the omitted issue." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006); *see also United States v. Maley*, 1 F.4th 816, 820 (10th Cir. 2021) ("Prejudice in this context requires the defendant to prove that 'his Fourth Amendment claim is meritorious…'") (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). "If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." *Orange,* 447 F.3d at 797. Indeed, "[e]ffective assistance does not demand that every possible motion be filed, but only those having a solid foundation." *Afflerbach*, 754 F.2d at 870 (internal quotation marks and citation omitted).

In conclusory fashion, Petitioner claims that, "[i]f not for counsel's deficient performance, [he] would not have accepted the government's plea offer and would have instead proceeded to trial." CV Doc. 1 at 10; *see also* CV Doc. 17 at 5 (Petitioner would instead have insisted on proceeding to trial). But Petitioner's argument is thin gruel. Petitioner points to language of the Criminal Complaint which states that the SA asked him if he had any "luggage" with him, but that the Complaint omitted the fact that the SA searched Petitioner's suitcase with negative results. *See* CR Doc. 1. at 2. Petitioner claims that his consent to search was limited to his suitcase—i.e. "luggage"—but not the red cooler. *Id.* at 5 ("the scope of the consent only extended to the grey suitcase, not the red cooler."); CV Doc. 17 at 2-3 (same). Petitioner overlooks the fact that the Complaint indicates he "picked up the cooler and handed it to S/A Perry". CR Doc. 1 at 2. Petitioner also overlooks the SA's testimony that he specifically asked permission to search the *cooler*, and that Petitioner provided that consent. CV Doc. 15-1 at 17. The fact that the digital audio recording of the on-board encounter between Petitioner and the SA

10

was not produced in discovery[4] does not alter the fact that the evidence to be adduced at a motion hearing, or at trial, would be that the SA sought and obtained consent to search *both* the suitcase and the cooler, and in conducting those searches discovered a package of controlled substances in the cooler.  Trial counsel's advice to not pursue a motion to suppress based on Petitioner's contorted view of the scope of consent, therefore, is best seen as strategic in nature.

That Petitioner has failed to establish that he would have rejected the plea offer and proceeded to trial, but for counsel's advice to accept the plea agreement, is aptly demonstrated in competing cases.  First, in *United States v. Roybal*, the court denied habeas relief where defendant claimed his lawyer was ineffective by not moving to suppress evidence of law enforcement's "possible" use of a "stingray" device, but failed to identify any persuasive grounds in support of such motion.  2017 WL 3405602 at *3.  Contrast the *Roybal* decision with that of *United States v. Weeks*, 653 F.3d 1188 (10th Cir. 2011), where the habeas petitioner demonstrated prejudice—i.e. that he would have gone to trial and not pleaded guilty—by showing that he had not been informed that the government had to prove he knew his co-conspirators were violating the law before he could be found guilty.  653 F.3d at 1205.  Here, like the defendant in *Roybal*, Petitioner is unable to show how a motion to suppress might have had a chance of succeeding.  And unlike the defendant in *Weeks*, Petitioner can't show that his lawyer's advice was based on a faulty interpretation of law.  Simply claiming prejudice without support doesn't advance the ball.

The Court concludes not only that there is no reasonable probability that the District Judge would have granted a motion to suppress evidence, but also that counsel's refusal to file a

---

[4] Apparently, the SA's audio recording was inadvertently destroyed.  Doc. 15 at 6.

motion to suppress did not cause Petitioner to forego his right to trial. *Strickland*, 466 U.S. at 694; *Kimmelman*, 477 U.S. at 375. These conclusions are supported by several facts: (1) video footage showing Petitioner carrying the cooler prior to boarding the bus; (2) the cooler was located on the floor beside Petitioner on the bus when the SA approached Petitioner; (3) the SA testified under oath that Petitioner gave him permission to search the cooler; (4) Petitioner handed the SA the cooler; and (5) a substantial quantity of controlled substances was located inside the cooler. While Petitioner could have testified at a motions hearing or at trial that he consented only to the search of his suitcase but not of the cooler, such self-serving testimony could not overcome the weight of evidence to the contrary. Petitioner's argument that he "would not have accepted the government's plea offer and would have instead proceeded to trial", CV Doc. 1 at 10, is insufficient to meet *Hill's* prejudice requirement.

Finally, lack of prejudice to Petitioner is demonstrated by the favorable plea agreement that his attorney negotiated with the government. The Criminal Complaint exposed Petitioner to a minimum mandatory sentence of ten years' incarceration, and a guilty plea without the benefits of Rule 11(c)(1)(C) would very likely have resulted in a recommended sentencing range of 188-235 months, given that Petitioner qualified as a Career Offender. CR Doc. 26 at 14. Petitioner's guilty plea, therefore, shaved at least three years and as much as 13 years or more,[5] off what otherwise could be viewed as a reasonable, Guidelines' sentence. Under these circumstances, the Court concludes that there was no reasonable probability that Petitioner would not have pleaded guilty and insisted on going to trial, if only his counsel had litigated a motion to suppress. Petitioner is unable to demonstrate any prejudice here.

---

[5] 21 U.S.C. § 841(b)(1)(A) carries a statutory sentencing range of a minimum of ten (10) years to a maximum of life imprisonment.

CONCLUSION

The record in this case conclusively shows that an evidentiary hearing is not necessary, and after carefully considering each of the claims presented, I conclude that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, I recommend that the District Judge DENY and DISMISS WITH PREJUDICE Petitioner's Motion Under 28 U.S.C. § 2255.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), this Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when a movant "demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court recommends that the District Judge DENY a certificate of appealability.

_____  
JOHN F. ROBBENHAAR  
U.S. Magistrate Judge

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**